IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**DARRYL PICKENS**, an individual,

        Plaintiff,

vs.

**HON. ERIC K. SHINSEKI**, Secretary of Veterans Affairs; and DOES 1-10,

        Defendants.

Civil Case No. 09-704-KI

OPINION AND ORDER

    David H. Madden
    Mersenne Law LLC
    1500 S.W. First Avenue, Suite 1170
    Portland, Oregon  97201

        Attorney for Plaintiff

    Dwight C. Holton
    United States Attorney
    District of Oregon

Page 1 - OPINION AND ORDER

Sean E. Martin
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon  97204-2902

    Attorneys for Defendant

KING, Judge:

Plaintiff Darryl Pickens alleges harassment, race discrimination, retaliation, and disability discrimination from 2004 to 2008 while working at the Veteran's Administration Medical Center (the "VAMC").  Pending before the court is the VAMC's Motion for Partial Summary Judgment [33].  For the foregoing reasons, I grant in part and deny in part the motion.

## BACKGROUND

Plaintiff alleges he was the target of a variety of harassing and discriminatory conduct during his employment with the VAMC.  He complained to his supervisor about the conduct.  Plaintiff alleges the VAMC made him undergo a psychiatric evaluation, fabricated the responses, and terminated him on the basis of the fabricated responses.  Plaintiff brings the following claims:  (1) disparate treatment in employment under Title VII; (2) hostile work environment in violation of Section 1981; (3) retaliation in EEOC proceeding under Title VII; (4) discrimination under ORS 659A.030(1)(b); and (5) discrimination due to disability under the Rehabilitation Act.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The initial burden is on the moving party to point out the absence of any genuine issue of material fact.  Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate

through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  On a motion for summary judgment, the court "must view the evidence on summary judgment in the light most favorable to the non-moving party and draw all reasonable inferences in favor of that party." Nicholson v. Hyannis Air Service, Inc., 580 F.3d 1116, 1122 n.1 (9th Cir. 2009) (citation omitted).

## DISCUSSION

I.   Concessions

As an initial matter, both parties have made several concessions.  Plaintiff agrees that defendant Does 1-10 must be dismissed.  Plaintiff also agrees that neither his second cause of action (violation of § 1981) nor his fourth cause of action (violation of ORS 659A.030) is legally cognizable.  Based on plaintiff's concessions, the VAMC's motion for partial summary judgment is granted as to plaintiff's second and fourth causes of action and all the Doe defendants are dismissed.

Additionally, the VAMC concedes its motion for partial summary judgment as to six issues.  Specifically, the VAMC now concedes that plaintiff did timely exhaust the following six issues:  (1) co-worker David Duck received a promotion over plaintiff; (2) plaintiff received a smaller bonus than a co-worker for a workplace-efficiency idea; (3) a supervisor's statement that plaintiff's mother should die; (4) a statement by plaintiff's supervisor that plaintiff would never advance on the supervisor's watch; (5) an allegation that a co-worker, Troy Wilkendorf, assaulted and grabbed plaintiff, saying, "Hey boy, let's spar"; and (6) that another co-worker, David Deer, chased him and struck him with a cart.  Accordingly, the VAMC's motion for partial summary judgment is denied as to these issues.

II.     Remaining Issues

After sorting through the concessions, the following questions remain: whether plaintiff has stated a claim in his fifth cause of action for a reasonable accommodation violation of the Rehabilitation Act; and whether he has exhausted five additional issues to support his First and Third causes of action. Those five issues are: (1) repeatedly being called "boy"; (2) a comment from a co-worker that "we do things specifically to bother you"; (3) wrongful promotion of Cortland Weider, a white employee, over him; (4) fabrication and alteration of his responses on a psychological exam; and (5) that co-worker Rod Winters grabbed him and shoved him into a wall.

   A.     Whether Plaintiff States a Claim in his Fifth Cause of Action

In his fifth cause of action, plaintiff alleges the VAMC "perceived" him as having a "mental disability that substantially limits his ability to participate in the major life activity of working." First Am. Compl. ¶ 49. Additionally, the "VAMC believed plaintiff to be unfit for his position, and for any other available positions, solely and exclusively by reason of his 'inability to work closely with others.'" Id. Plaintiff alleges the VAMC failed to investigate reasonable accommodations that would have permitted plaintiff to continue to work there. As a result, the VAMC terminated his employment because of its "perception that plaintiff suffered from a mental disability." Id. at ¶ 52.

The problem with plaintiff's allegations, according to defendant, is that he does not allege he actually suffered from a disability. An employer is under no obligation to provide reasonable accommodations to an employee who is not actually disabled, but is merely regarded by his employer as disabled. Kaplan v. City of North Las Vegas, 323 F.3d 1226, 1232 (9th Cir. 2003) (it

Page 4 - OPINION AND ORDER

"would be a perverse and troubling result" if an employer could be liable for failing to accommodate an employee who is impaired but not disabled).

Plaintiff relies on <u>Barnett v. U.S. Air, Inc.</u>, 228 F.3d 1105 (9th Cir. 2000), <u>vacated in part on other grounds by</u> 535 U.S. 391 (2002). In that case, the court instructed that "[i]n circumstances in which an employee is unable to make [a reasonable accommodation] request, if the company knows of the existence of the employee's disability, the employer must assist in initiating the interactive process." 228 F.3d at 1114. Plaintiff argues he need not allege he was disabled, but that where the employer has "reason to know of the employee's disability," the employer must engage the employee in the interactive reasonable accommodation process. Pl.'s Am. Mem. 7. Plaintiff suggests it is poor policy to allow an employer who suspects an employee has a disability to allow that employer to discriminate against that person unless the employee can establish that he is disabled.

Plaintiff's arguments make sense. The problem is that he is not alleging, or even arguing, that the VAMC's suspicion that he had a disability was correct. Instead, the factual allegations underlying plaintiff's claim are:

> 10.    . . . Further, VAMC began a course of vicious retaliation against Plaintiff, ultimately ordering Plaintiff to undergo an intrusive, baseless and illegal psychiatric examination, which examination included VAMC fabricating and altering the MMPI responses given by Plaintiff. VAMC then terminated him on the basis of the fabricated responses.

and, again:

> 16.    In February, 2008, VAMC Human Resources Chief Linda Condich ordered Plaintiff to undergo medical and psychiatric examinations. VAMC supervisor Jeff Dintelman led Plaintiff to believe that he had no choice whether to submit to these examinations, and that he would be fired

Page 5 - OPINION AND ORDER

>           if he refused.  After an unexceptional physical exam, psychologist Dr.
>           David Corey interviewed Plaintiff and administered an MMPI-2 test.
>
> 17.       Shortly thereafter, Plaintiff was recalled to Dr. Corey's office and directed
>           to change some of his answers to the MMPI questions.  At this time,
>           Plaintiff noted that over 100 other answers had already been changed.
>
> 18.       Subsequently, Dr. Corey provided a report on a purported "mental disorder" of
>           Plaintiff.  However, Corey noted, "I find no persuasive evidence that Mr. Pickens
>           poses an imminent risk of substantial harm."
>
> 19.       On the basis of this report, VAMC concluded that Plaintiff was unfit for duty in
>           his then-present condition.
>
> 20.       VAMC never considered the question whether Plaintiff could have continued in
>           his employment, or filled any other open position, if reasonable accommodations
>           were made for his alleged disorder.
>
> 21.       Plaintiff requested an opportunity to obtain and present a second medical opinion
>           from an independent doctor.  VAMC refused.  Rather, VAMC countered with a
>           "second opinion" based solely on a review of Dr. Corey's report by another
>           VAMC doctor.
>
> 22.       In November, 2008, VAMC terminated Plaintiff's employment, determining that
>           Plaintiff was mentally unfit and unable to work with others[.]

First Am. Compl. 7-8.

The law in the Ninth Circuit is clear.  An employer cannot be responsible for accommodating a disability an employee does not have.  Kaplan, 323 F.3d at 1233; see also Marrazzo v. Leavitt, 719 F. Supp. 2d 1297, 1306 (D. Or. 2010) (the courts of the Ninth Circuit recognize that there is no duty to provide reasonable accommodation to an employee who fits the statutory definition of 'disabled' by virtue of a history of disability or being regarded as disabled, but has no actual disability").  Notably, plaintiff does not allege the VAMC knew or should have known he suffered from a disability, which required accommodation.  Instead, he alleges they regarded him as disabled based on a report containing made-up test results.

Page 6 - OPINION AND ORDER

If plaintiff himself is not alleging he has a disability, he cannot argue that his employer failed to reasonably accommodate him in the Ninth Circuit. The portion of plaintiff's fifth cause of action alleging a violation of the Rehabilitation Act for failure to accommodate is dismissed. Plaintiff may move to amend his complaint to allege the facts necessary for a reasonable accommodation claim under the Rehabilitation Act, if he wishes to do, within ten days of this decision.[1]

B.  Determination as to Whether Plaintiff Administratively Exhausted Five Issues

The VAMC argues that plaintiff includes in his allegations at least five issues that he failed to exhaust, either by failing to raise them in the EEO process or by failing to appeal them. Those five issues are: (1) repeatedly being called "boy"; (2) a comment from a co-worker that "we do things specifically to bother you"; (3) wrongful promotion of Cortland Weider, a white employee, over him; (4) fabrication and alteration of his responses in a psychological exam; and (5) that co-worker Rod Winters grabbed him and shoved him into a wall.

The VAMC argues that under Title VII, a federal employee must notify an EEO counselor of discriminatory conduct within 45 days of the alleged conduct. 29 C.F.R. § 1614.105(a)(1). If the issue is not resolved, the employee must submit a signed formal administrative complaint. 29 C.F.R. § 1614.106. The "failure to comply with this regulation is fatal to a federal employee's discrimination claim in federal court." Kraus v. Presidio Trust

---

[1] The portion of plaintiff's fifth cause of action alleging a violation of the Rehabilitation Act because the VAMC terminated him for his perceived disability is not affected by this decision. See also VAMC Mem. in Supp. of Mot. for Partial Summ. J. 9 n.2; First Am. Compl. ¶ 52.

Page 7 - OPINION AND ORDER

Facilities Div./Residential Management Branch, 572 F.3d 1039, 1043 (9th Cir. 2009) (internal changes omitted).

Plaintiff does not argue waiver, estoppel or equitable tolling excuse his failure to comply. See id.  Instead, plaintiff pointed out in oral argument that he must have raised that claim or a claim that is "like or reasonably related" to it in the administrative action.  Yamaguchi v. United States Department of the Air Force, 109 F.3d 1475, 1480 (9th Cir. 1997) (internal quotation omitted).  The EEOC charge must be construed "with the utmost liberality."  Id. (internal quotation omitted).  The court has subject matter jurisdiction over allegations of discrimination that either "fell within the scope of the EEOC's *actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination."  Id. (internal quotation omitted, emphasis in the original).

Under these very tolerant and permissive standards, I conclude, at first blush, that I have subject matter jurisdiction over four of the five allegations identified above.  The first four allegations are sufficiently related on their face to the claims plaintiff brought to the attention of the EEO counselor and raised in a complaint, making dismissal at this stage improper.  Indeed, a court "should consider a plaintiff's civil claims to be reasonably related to allegations in the charge to the extent that those claims are consistent with the plaintiff's original theory of the case."  B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1100 (9th Cir. 2002).

Specifically, in his First Amended Complaint, plaintiff alleges, "VAMC employees repeatedly bullied, taunted and attempted to goad Plaintiff to violence, through means including but not limited to racial slights such as derogatory summoning of Plaintiff by the term 'boy.' Other non-African-American employees were not addressed as 'boy.'"  First Am. Compl. ¶ 9(a).

Page 8 - OPINION AND ORDER

Such a claim is possibly like or reasonably related to the Wilkendorf incident and falls within plaintiff's overarching theory of racial harassment/hostile work environment. Similarly, plaintiff's allegation that co-worker Bruce Osborne said, "We do things specifically to bother you," First Am. Compl. ¶ 9(g), might be sufficiently related to similar comments plaintiff complained about other co-workers making.

Plaintiff's allegation that the VAMC promoted Cortland Weider, a white employee, over him is nearly identical to his exhausted assertion that Duck received a promotion over him. The question about whether it can be exhausted might come down to timing. Plaintiff's allegation that the MMPI test was altered is similar to his complaint that he was harassed on the basis of race by being scheduled for the exam in the first place.

After discovery is completed, the parties and the court will have a better understanding of whether the discriminatory conduct alleged above is different from the conduct of which plaintiff complained; for example, if the conduct concerned completely different people such that an investigation would not have fairly included discussion of it, I may conclude the court does not have jurisdiction over the allegation. The VAMC has permission to raise this argument again.

Finally, plaintiff's allegation that he was "walking down a hallway when another co-worker, Rod Winters, grabbed Plaintiff from behind and shoved him into a wall, causing Plaintiff to strike his nose and teeth," First Am. Compl. ¶ 9(c), must be dismissed. Although it may be reasonably related to other allegations of assault which he believes was harassing, such as the one he levied against Deer, the EEO never investigated it because plaintiff failed to discuss it with an EEO counselor. See Yamaguchi, 109 F.3d at 1480 (must fall "within the scope of the EEOC's

Page 9 - OPINION AND ORDER

*actual* investigation or an EEOC investigation which *can reasonably be expected* to grow out of the charge of discrimination"). The Court has no jurisdiction over this allegation.

## CONCLUSION

Based on the foregoing, the VAMC's Motion for Partial Summary Judgment [33] is granted in part and denied in part. All of the Doe defendants are dismissed. Plaintiff's second and fourth causes of action are dismissed with prejudice, as is the portion of his fifth cause of action that is based on the alleged failure of the VAMC to reasonably accommodate his perceived disability. The allegation that Winters grabbed plaintiff may not be a basis for recovery. First Am. Compl. ¶ 9(c).

IT IS SO ORDERED.

Dated this        23rd        , day of May, 2011.

                /s/ Garr M. King
                Garr M. King
                United States District Judge