IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**DARRYL PICKENS**,                                    3:09-CV-00704-KI

        Plaintiff(s),                          DISCOVERY ORDER

vs.

**THE HONORABLE ERIC K. SHINSEKI**,
a Secretary of Veterans Affairs,

        Defendant(s).


    Darryl Pickens
    c/o 8504 N. Woolsey Avenue
    Portland, Oregon  97203

        Pro Se Plaintiff

    Dwight C. Holton
    United States Attorney
    District of Oregon

Page 1 - DISCOVERY ORDER

Sean E. Martin
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon  97204-2902

      Attorney(s) for Defendant(s)

King, Judge:

Plaintiff Darryl Pickens alleges harassment, race discrimination, retaliation, and disability discrimination from 2004 to 2008 while working at the Veteran's Administration Medical Center (the "VAMC").  The VAMC has filed a Motion to Dismiss [68] for Pickens' failure to respond to the VAMC's Requests for Production by the court-imposed deadline.  For the following reasons, I grant in part and deny in part the motion.

## BACKGROUND

On August 1, 2011, the Court held a hearing by telephone to discuss, among other things, Pickens' request for an extension of time to respond to the VAMC's discovery requests.  The Court set a deadline of 30 days to respond to the VAMC's discovery requests.  Pickens responded to the VAMC's interrogatories but failed to respond to the VAMC's Requests for Production.

## LEGAL STANDARDS

Under Federal Rule of Civil Procedure 41(b), the court may dismiss a case for failure to prosecute, or for failure to comply with the rules of civil procedure or a court order.  Additionally, a court may sanction a party, including dismissing the case, for failing to comply with a discovery order pursuant to Federal Rule of Civil Procedure 37(b).  The court must weigh five factors when imposing sanctions under either rule:

Page 2 - DISCOVERY ORDER

>   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

In re Eisen, 31 F.3d 1447, 1451 (9th Cir. 1994); In re Phenylpropanolamine (PPA) Prods. Liabl. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006). "Where a court order is violated, the first two factors support sanctions and the fourth factor cuts against a default. Therefore, it is the third and fifth factors that are decisive." Payne v. Exxon Corp., 121 F.3d 503, 507 (9th Cir. 1997). However, under Rule 37, the court's discretion to dismiss a case "is narrowed and the losing party's noncompliance must be due to willfulness, fault or bad faith." Id.

## DISCUSSION

The VAMC's Requests for Production seek employment and medical records, or direct Pickens to sign release forms for those employment and medical records. The VAMC also seeks copies of recordings Pickens purportedly made at meetings with VA officials, as well as any documents supporting his claims. The VAMC asserts these documents are necessary to their defense of the action.

Faced with Pickens' failure to respond to its Requests for Production, the VAMC requests either: (1) a dismissal of Pickens' action for Pickens' failure to comply with the August 1, 2011 court order; (2) an order prohibiting Pickens from using any documents he failed to disclose to the VAMC in supporting his claims or opposing the VAMC's defenses; or (3) an order staying all proceedings until Pickens responds to the VAMC's Requests for Production.

Pickens responds to the VAMC's motion by calling government counsel a liar and vehemently asserting that he already responded to the discovery requests. Pickens also contends that counsel can get what he needs from officials who presumably work at the VA.

Given what appears to be Pickens' confusion between the Interrogatories to which he already responded and the VAMC's separate Requests for Production, I decline to dismiss the case. Pickens is directed to respond to the VAMC's Requests for Production that are attached as Exhibit A to the VAMC's Memorandum in Support of Motion to Dismiss [69] by October 21, 2011. If he does not have any documents responsive to the request, he need only state that. If he fails to disclose documents to the VAMC that he does have in his possession, he will be precluded from using those documents to support his claims or to defend the VAMC's arguments. If Pickens fails to respond to the VAMC's Requests for Production by October 21, 2011, the Court will dismiss this action.

## CONCLUSION

For the foregoing reasons, the VAMC's Motion to Dismiss [68] is granted in part and denied in part. Pickens is directed to respond to the VAMC's Requests for Production by October 21, 2011 or the Court will dismiss this action.

IT IS SO ORDERED.

DATED this    22nd    day of September, 2011.


    /s/ Garr M. King
    Garr M. King
    United States District Judge